ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| PRICILA RODRÍGUEZ  Peticionaria  v.  DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PUBLICAS  Recurrida | **TA2026CE00091** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas  Civil Núm.: CY2025MU00163  Sobre: Ley 192 |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 23 de enero de 2026.

Comparece ante nos la Sra. Priscila Rodríguez Colón (señora Rodríguez o "la peticionaria") por derecho propio e *in forma pauperis* y nos solicita que revisemos una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas notificada el 17 de diciembre de 2025. Mediante el referido dictamen, el foro primario desestimó el recurso de revisión, debido a que la peticionaria se excedió en el término concedido por ley para solicitar la revisión del boleto de tránsito.

Por los fundamentos que expondremos a continuación, **EXPEDIMOS** el auto de *certiorari* solicitado y **CONFIRMAMOS** la determinación recurrida.

### I.

Según surge del expediente, el 16 de diciembre de 2025, la señora Rodríguez presentó ante el foro primario un recurso de revisión de boletos de tránsito

(92067003409 al 92067003412) emitidos el 8 de noviembre de 2025.

No obstante, el 17 de diciembre de 2025 el foro primario notificó una *Resolución* en la que desestimó el recurso debido a que había transcurrido en exceso el término concedido por la ley, y no justificó la tardanza.

Inconforme con la decisión, el 13 de enero de 2026, la peticionaria radicó el recurso de epígrafe, mediante la cual solicitó se reconsideraran los boletos de tránsito por marbete vencido.

Al amparo de la facultad que nos confiere la Regla 7(B)(5) de nuestro Reglamento, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025), prescindimos de la comparecencia de la parte recurrida, y procedemos a resolver.

## II.

### -A-

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020).

El recurso ante nuestra consideración está regulado por una ley especial, la *Ley de Vehículos y Tránsito de Puerto Rico,* Ley Núm. 22-2000, 9 LPRA sec. 5169. La misma establece un proceso de revisión de multas de tránsito en el foro primario. Ahora bien, nada establece el antedicho estatuto con relación al proceso apelativo para impugnar la determinación del Tribunal de Primera

Instancia, respecto a estas multas. Sin embargo, el Artículo 4.006, inciso (b) de la Ley de la Judicatura, 4 LPRA 24y, dispone que el Tribunal de Apelaciones entenderá "[m]ediante auto de *certiorari* expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia".

Esta discreción ha sido definida en nuestro ordenamiento jurídico como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. No figura como un permiso para actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por consiguiente, para determinar si procede la expedición de este recurso debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 59.

La precitada Regla expone los criterios que debemos considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Dicha Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación

de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

No obstante, ninguno de los criterios mencionados es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Así pues, "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio." *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

De otra parte, el Tribunal Supremo de Puerto Rico también ha expresado que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *WMM, PFM et al. v. Colegio*, 211 DPR 871,

902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

Además, es norma reiterada que la apreciación de la prueba corresponde, originalmente, al foro sentenciador. Los tribunales apelativos solo intervenimos con dicha apreciación cuando se demuestra satisfactoriamente la existencia de pasión, prejuicio, parcialidad o error manifiesto. *Rivera Menéndez v. Action Services*, 185 DPR 431, 448 (2012); *Pueblo v. Maisonave*, 129 DPR 49 (1991). Es ante la presencia de alguno de estos elementos o cuando la apreciación de la prueba no concuerde con la realidad fáctica, sea inherentemente increíble o claramente imposible, que se intervendrá con la apreciación efectuada. *Pueblo v. Irizarry*, 156 DPR 780, 789 (2002); Regla 42.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. La política jurídica tras esta normativa es dar deferencia a un proceso que ha ocurrido esencialmente ante los ojos del juzgador. Es ese juzgador de instancia quien observa el comportamiento de los testigos al momento de declarar y partiendo de eso adjudicó la credibilidad que le mereció. *SLG Rivera Carrasquillo v. AAA*, 177 DPR 345, 357 (2009).

-B-

El procedimiento de revisión judicial por falta administrativa que se lleva a cabo para la impugnación de un boleto de tránsito es uno de naturaleza civil, no criminal. A esos efectos, el Artículo 23.05 (a) de la Ley de Tránsito, *supra*, sec. 5685, establece que "[l]os agentes del orden público quedan facultados para expedir

boletos por cualesquiera faltas administrativas de tránsito." En el mismo Artículo, el legislador establece el trámite a seguir por una persona que no está de acuerdo con una falta administrativa de tránsito impuesta. Artículo 23.05(l) de la Ley de Tránsito, *supra*, sec. 5685. Estas personas podrán presentar el correspondiente recurso de Revisión Judicial ante el Tribunal de Primera Instancia dentro de los treinta (30) días de la notificación del boleto. Una vez recibido el recurso de revisión, el tribunal señalará la celebración de una vista para atender los méritos del recurso instado. Consideradas las cuestiones de hecho y de derecho que dieron lugar a la imposición y notificación de la falta administrativa, el adjudicador dictará la correspondiente Resolución en el caso, la cual tendrá carácter de final y definitiva. Ley de Tránsito, *supra*, sec. 5685. Veáse, además: *Torres et al. v. Mun. San Juan*, 208 DPR 586, 595 (2022); *Hernández v. Secretario*, 164 PR 390, 397 (2005).

## III.

En el caso de autos, la señora Rodríguez solicita que revisemos la determinación del foro primario, en la cual desestimó el recurso de revisión ante el exceso del término para solicitar la revisión del boleto de tránsito.

Según surge de la *Resolución* recurrida, el boleto de tránsito fue emitido el 8 de noviembre de 2025. No obstante, conforme lo dispuesto en el Artículo 23.05(l) de la Ley de Tránsito, *supra*, "[s]i el dueño del vehículo, […] afectado por la notificación de multa administrativa considera que no se ha cometido la violación que se le imputa, podrá solicitar un recurso

de revisión judicial dentro del término de treinta (30) días a partir de la fecha de recibo de la notificación."

Así las cosas, la peticionaria tenía hasta el 8 de diciembre de 2025 para someter su solicitud de revisión ante el foro primario. Sin embargo, al someterla el 16 de diciembre de 2025, lo hizo en exceso de término. Por lo tanto, el foro *a quo* correctamente concluyó que carecía de jurisdicción para atender la controversia debido a que el recurso de revisión no fue presentado dentro del término de quince (30) días contados a partir de la notificación de la multa, según lo establece la Ley de Tránsito, *supra*.

Finalmente, hemos evaluado detenidamente el expediente y no encontramos razón en derecho que justifique revocar la multa impuesta.

## IV.

Por los fundamentos antes expuestos **EXPEDIMOS** el auto solicitado y **CONFIRMAMOS** la decisión recurrida.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones